# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

TODD BLAIR AND VANESSA BLAIR

NO. 2025 CW 0624

VERSUS

LOUISIANA FARM BUREAU
CASUALTY INSURANCE COMPANY,
INDUSTRIAL SUPPORT SYSTEM,
INC., ROD BRAUD AND JEFFERY
DIEZ, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY AS OFFICER
OF INDUSTRIAL SUPPORT
SYSTEM, INC.

OCTOBER 31, 2025

---

In Re: Industrial Support System, Inc., applying for supervisory writs, 23rd Judicial District Court, Parish of Ascension, No. 134617.

---

**BEFORE: LANIER, WOLFE, AND HESTER, JJ.**

**WRIT GRANTED.** The district court's April 9, 2025 judgment which denied the motion for summary judgment filed by defendant, Industrial Support System, Inc., is reversed. For liability to attach under La. Civ. Code art. 2317.1, the plaintiff must prove that: (1) the property that caused the damage was in the custody of the defendant; (2) the property had a condition that created an unreasonable risk of harm; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. **Batiste v. Erin Covington, LP,** 2019-0261 (La. App. 1st Cir. 12/11/19), 291 So.3d 710, 714-15. Plaintiffs alleged that decedent, Devin Blair, was hired to inspect a tree on the property and cut the felled limbs and/or the remainder of the damaged tree following a storm. We find defendant had no duty to warn Devin Blair of, or protect him from, hazards relating to the very condition which he was hired to address and remedy. **McCarroll v. Prime Cut Law Care & Tractor Work, LLC,** 2010-1638 (La. App. 1st Cir. 3/25/11), 2011 WL 1104132, at *5. See also **Pryor v. CCRR Properties, LLC,** 2025-254 (La. App. 3d Cir. 10/22/25), -- So.3d --, 2025 WL 2967572. Accordingly, the motion for summary judgment is granted, and plaintiffs' claims against defendant, Industrial Support System, Inc., are dismissed.

WIL
EW
CHH

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT